Morning. May it please the court. Jeffrey R. Caffey for the appellants. The case we have before you, there are two primary issues. One, whether the, whether Thurston County ratified the actions of the officers in this case. And two, whether there are any remedies available given that the trial court below granted summary judgment on declaratory relief and CRR 2.3 does not permit the appellants to petition for their property back given that the property is being held as evidence in a potential case. So first... Wait a minute. Why is that not permitted under the rule? So under CRR 2.3 the potential defendant can petition for the return of property so long as that isn't being used or potentially going to be used as evidence in a case. So on that basis the appellants were unable to... Where does it say that, so long as it's not going to be used in a case? So it was in a case that I decided they had gone over CRR 2.3 Which case is that? I do not have it in front of me right now. Do you have the brief in front of you? I can pull that for you, Your Honor. Okay. Well, why don't you do that at the break, but you should have that in the future. That's pretty critical. Were charges ever filed against your client for any offense related to the possession of stolen property? There were never any charges filed. There have not been charges filed. So that's the status of the criminal charges. Have any of the items in dispute been returned? The remaining items claimed by the 28 individuals, none of those items have been returned to the appellants. And have you made any attempt, and I guess you're saying that you can't, but have you made any attempt to contest your asserted deprivation of property going through the procedure available to you under state law? So as we stand now there is a pending CRR 2.3 motion, but as we stood back when this appeal was made... When did you make that? It was recently made. When? It's going to be heard on the 17th. When did you make the motion? The motion? I did not make the motion, Your Honor. The motion was made by a different attorney. I just know it's going to be heard on the 17th. When? You don't know when the date was? I do not. Within the last week? I would be speculating. I have no idea. But at any rate, the hearing is on the 17th of this month? That is correct, Your Honor. All right. So when we look at the issue first of ratification, really this comes down to when the property was seized by Thurston County, there was an open house held where they allowed individuals from the community, this was publicized through the news, to come to this open house and basically lay claim to any property that they deemed belonged to them. The only requirement was that they bring a police report. Now this was problematic because if we go to the individuals that made claims on property, particularly a Mark LaRocque, he made a claim on thousands of baseball cards, other collectible items such as action figures and toys, but when you look at the police report he presented and that was used, none of those items were claimed in the police report. In his police report, he was renovating his rental unit and he had power tools he was using to work on the unit. He left that night and he returned the power tools were gone. The police report lists several power tools and a TV lantern. There's no mention of thousands of baseball cards, no mention of any collectible items of any sort, yet this police report and his claim is being used to withhold property from the appellants. Now how does what you just said relate to this case? So here's where it comes full circle. The Thurston County prosecuting attorney is using this information to withhold the property from the appellants on the basis that they will be bringing criminal charges for stolen property at some point in the future, but the stolen property charges have not come. Yeah, but the statute of limitations hasn't run, has it? It has not and that was an issue I brought up in the brief that there has to be some sort of reasonable basis on which they're going to base these charges upon. For instance, I go back to this example, the thousands of baseball cards and collectible items that were not in the police report. If this is their basis for withholding the property from the appellants, it's improper and in doing so they're ratifying... Well isn't that something you'll be able to argue or put on proof on at the July 17 hearing in state court? Well... In other words, you know, whether the prosecuting attorney has some reason and some reasonable cause to keep on holding this property. Well, potentially the issue may come up that it's still being held as evidence in this case, so again... So if it is? Well, herein lies the issue. They're indefinitely withholding the property from the appellants because there are not... Will you be able to make your case though at this hearing on the 17th? Well, the case will be made at that point, but what we have here is a record before the court and I will tell the court as far as the CRR 2.3 hearing is concerned, I just found out about this today. I'm not working on that part of the case, but what we have here is a situation where based on state law, the CRR 2.3 motion will likely be denied because this property is still being held as evidence, as asserted by Thurston County, in a criminal charge for stolen property. So the appellants are caught in this catch 22 where they can't get declaratory relief and the CRR 2.3 motion... I know, but you don't know that yet because you haven't had the hearing on it. Well, and here's one of the issues the appellants face because in bringing the CRR 2.3 motion, because of the case law that says if it's being held as evidence, we're not eligible for this motion, there may be CR 11 sanctions because there's no good faith basis in law for bringing that motion because... At this hearing, I'm not sure how it's run, but at this hearing, if you're denied relief, do you get to appeal? There would be an appeal and you'd have to appeal on the basis of CRR 2.3. To the state. To the state court and then... So there is a state remedy available to you because it seemed like from your briefs you were arguing that this was a complete deprivation of property and there was nowhere for you to go, but you do have somewhere to go. Apparently you just recently availed yourself of that proceeding and you were just found out about... You just found out about it today. So as far as the position on the CRR 2.3 motion, it was not brought by me because there are concerns under CR 11 that there's no good faith basis in law because of the case law in the state of Washington and certainly that could be appealed to the Court of Appeals within the state of Washington. I'm sorry. So the least I understood it from your briefs is that you had nowhere else to go, but you do have somewhere else to go. There is a procedure available to you. It is now being effectuated, I guess, by someone on behalf of your client. And so, I'm sorry, sir. You cannot speak. I'm sorry. We have a representative here, so you can't speak. I'm sorry. I apologize, Your Honor. So that is one issue. There's also the issue of the ratification by Thurston County for the withholding of this property without good basis. So there are two issues involved. That is the, I would say, secondary issue, and I led with the issue of ratification by Thurston County on the issue of the indefinite withholding of property. So obviously they're intertwined to a certain degree, but in this case, they were withholding property without a good basis. Again, I go back to the claimant, Mark LaRocque, in his police report. None of the items matched up, yet this property is being withheld against the appellants on the basis that, hey, we're going to bring criminal charges in the future. Do you want to reserve the balance? I will reserve the last minute. Maybe you can find that case in this meeting. Okay, thank you. Please come forward. Good morning, Your Honor. Good morning, Your Honor. I'm here on behalf of Thurston County in this matter. And this case before you today is faulty on several fronts. First of all, do you know anything about this July 17 hearing? This is the first I've heard of it. Apparently, Mr. Huber himself is in the courtroom, and as I heard him say from the back of the courtroom, he's filing a pro se. So I have no information on it. I do not even know if it has been filed at this point. So this is the first I've heard. But certainly there is a post-deprivation remedy if there was even a deprivation of property, and the county asserts that there really wasn't a constitutional deprivation in this case. CR 2.3 is an available remedy. Mr. Huber has never, prior to what we heard just now, had never attempted to file a CR 2.3. What is the, at least theoretically, what is the Rule 2.3 remedy, theoretically? The remedy is that there is, and a motion can be filed at any time under CR 2.3 seeking return of property if either the, whether or not the property was seized lawfully or unlawfully. So the individual from whom property is seized may apply to court to seek that property back. And the state... The grounds for making the motion, or at least a successful motion, are quite limited, aren't they? Well, and the basis for a CR 2.3e motion is when it's filed, first the state has to establish that the property was in fact the fruit of a crime, and that's why it's being held. And then the person, the defendant has the opportunity to come forward and... Let's assume that factor, let's assume, you know, not contested or has been satisfied. What else can the claimant do? In other words, if the county says, or the prosecutor says, well, I need it as potential evidence, is that the end of it? Just a representation by the prosecutor that I need it for evidence? That's not the end of it at that point. Certainly, there can be a motion to suppress if it, and there, if the statute of limitations is passed and there's no longer opportunity to file charges, then, of course, the state court could rule... Well, but if the statute hasn't passed, is the prosecutor required to make some showing of, say, reasonable cause or something like that, or make some representations? Yes, I still have this possible charge under consideration, something like that. In other words, what is, you know, the level of showing, if there is any, that the prosecutor has to make, aside from the fact that, well, the statute hasn't run yet. Right. And that actually, that's a state court determination, and I don't believe there's any case law, state case law on that at this point. But certainly, I contend in this case, Mr. Huber was charged. In fact, he was charged promptly in July of 2011, just a month after the seizure. You mean a charge involving stolen property? No, not involving stolen property. Controlled substances violations. There was probable cause. Well, what's the relevant of that? So, there was a pending case, and then, in the record, and... But not involving this property? Not involving all this property. However, the prosecutor did notify Mr. Huber that there was an, if there was an attorney, that there was an intent to file, to manually file those charges. And that was at the record, in the record, in the possession of stolen property charges. Then, the case was stayed. And that order is in your excerpt of record at 78. So, once the case was stayed, no further amendment was done to the charges. Part of the issue in this case is, it was clearly premature. This case was filed in April 2012, just several months after the seizure, and while the criminal case was still pending. At this point, and I think it's important for the court to know, at this point, the, by agreement, all charges have been dismissed. Mr. Huber is no longer facing criminal charges with result of this, because, and this is in the state court order dismissing the charges, the lead detective in the case passed away. So, when he died, there was serious difficulties with the case. In addition, the court should know, and it's clear in the excerpts of record, that while Mr. Huber was being considered for charges, and probable cause was found for charges of possession of stolen property, other individuals were, in fact, convicted for the actual thefts and burglaries. So, and if you, if the court cares to look, that it's clear from the record on the listing of the property that, for example, the item that's provided, at the excerpts of record on 20, it shows, actually, in that entry, entry for that, for that item, that Mr. Rutt was listed as a victim of another defendant, Mr. Moreland. So, while Mr. Huber was being considered for possession, numerous other individuals were actually convicted and are, and are serving time for the thefts. So, the items that are claimed as stolen from the property were held by the sheriff, and by an agreement entered at the time criminal charges were filed, they also agreed, and this is entered in the order in the state court, agreed that once a mandate comes down from this court, that Mr. Huber would have 30 days to seek return or file a CR 2.3 motion to seek return of that property, and he may well do that. But, as to the other property, remaining property, there were approximately 575 items and lists of items that were returned. Eighty percent of that has been returned. And, in the record, as you'll see, there would, at ER 70, there was a letter from the civil attorney representing the county before the district court, who wrote a letter saying Mr. Huber can get any of the property, come get it, that's not needed for evidence, or... There was a letter. There was, and that's in the excerpt of record at 70. And, in fact... At what, 70? 70, yes. That letter saying, come get the property that's not needed in evidence, and, or stolen, and in fact, Mr. Huber, at this point, has received approximately 80 percent of the items back. The items that he hasn't received, wallets that are other people's wallets, debit cards, pills, buckets, bags of drugs and pills, jewelry, multiple stereos, a variety of things. Now, he may have a right to get some of that back, but he hasn't, up until we heard today, he had not filed any motion. So, it's unclear whether he has a right, and I want to point the court to RCW 1079-050, which puts an obligation, and that's cited in our brief, an obligation on law enforcement when they seize property, they're obligated, they have a duty to return property to the owner it was stolen from. So, in this case... So, that's what I was going to ask, is, you know, what authority, any case that you can point to where it's permissible for enforcement officials to hold potential evidence for as long as the statute of limitations period runs. I mean, is that under state law? Just hold it. You say you have this CR 1035 that says they're supposed to do it promptly, but they can hold that property if it's not tied to a crime, or even if it is until the statute runs? Well, Your Honor, the statute on return of property is RCW 1079-050, but with regard to your answer, I don't believe there is specific case law that says this is how long a property can be held. In this specific case, the reason the property was held, and, you know, this is an isolated incident where a case had its own path. In this particular case, the sheriff was holding the property because it was used, parts of it were used in evidence in prosecutions of other individuals who had stolen the property, was used, was being held because of the controlled substantive charges that were filed against Mr. Huber, were being held because individuals had come forward and claimed this property was stolen, and because the case was stayed for, I believe, approximately a year while Mr. Huber was waiting for the state Supreme Court to issue a decision in another case. So he had wanted to stay this case. So during that time, of course, the property, much of it was being held. However, only those things that potentially were needed were being held. As I stated previously, the letter from Mr. Klump at ER 70 indicates Mr. Huber could retain and could retrieve property, and, in fact, he did. So the vast majority of the property, and I'd say maybe 20% of it, some of which is contraband, some of it may not be ever given back to him, and many items that are claimed by individuals as stolen, those would need to be heard as an evidentiary matter before the trial court. So for all these reasons, it's clear that, number one, there was no indefinite deprivation. As items were no longer needed, they were given back to Mr. Huber. Secondly, there is a clear post deprivation remedy that Mr. Huber has, which is the CR 2.3E motion, and he, up to this point, had not exercised that opportunity. So, therefore, under Monell, we'd ask the court to affirm the summer judgment motion denied. What is the statute of limitation for the stolen property charge? That is three years, and it's cited in our brief. It's under RCW 9A.04.080. It's three years. So we're still within that statute? Actually, no. The statute of limitations would have run last month. The 2011, three years, ran out last month. However, because of the court order entered in the state court where Mr. Huber agreed that the appropriate disposition would be once the mandate comes out of this court, any items he wants to claim, he has 30 days to file a motion. That's the basis at this point for holding it. And in addition, because Mr. Huber has not made a clear claim to items where there's a dispute because individuals have claimed them as stolen. Is that order you just referred to part of this record? It is not in the record. And that's part of the issue here, Your Honor, that this case was brought so early on, back in April of 2012, that, of course, there's the parallel track of the state criminal case. So no, that is not in the record. Many of these events have occurred since our judgment was entered. Can you furnish us with that order? Yes, Your Honor. And also, can you get us a status report of what happened at that July 17 hearing? I will, Your Honor. I will need to track down whether a motion has, in fact, been filed and what happens with that. So we'll be providing that. Thank you. Thank you. Just one moment. You can maybe sit. We should probably have the court service officer, Stacey, over here at this side. Just one second. Sir, in the last row, can you come forward? Yes. I just need to ask you a question. I saw you holding up your phone. Were you recording? I was. Okay. That's not permitted, so I'm going to have you talk to the court service officer, and I'm going to have him handle that. Thank you. And let me just say a couple things before we conclude this matter. This is a court of law, and so we run things in an orderly manner. We're very respectful. You have every right to be here. But if you're represented, you speak through your lawyer. You don't just speak out in court. And if you have phones, you need to turn them off. So I just wanted to remind people of that at this point. Can you come forward? Thank you, Your Honor. First, I want to start with the citation to the issue as far as the appellate courts in the State of Washington have ruled that CRR 2.3 governs motions for the return of lawfully seized property no longer needed for evidence. This is State v. Brandt. It's 290p3-1029, and it cites State v. Alloway, State v. Pelkey, and State v. Card. Now, Brandt says evidence no longer needed. Does it go into any further discussion of how you determine what's no longer needed or who makes that decision? Ultimately, that decision would be made by Thurston County in this case as they are the one that are the driving forces on whether a charge is going to be levied or not. And in this case, they had all the evidence. They had, as far as any potential charges for stolen property, as of August of 2011 when they had that open house. People made the reports. They brought the police reports and said, hey, that's stolen. There's your evidence. If you're going to bring charges, bring them. If not, there's no reason to wait. And ultimately, the statute of limitations passed without them bringing any charges, and they continue to withhold the property identified by those 28 individuals. Now, let me ask you about this letter Ms. Futterman referred to, the letter of 28-2012 from the prosecuting attorney? Yes. Addressed to you, right? That's correct. Now, in response to that letter, did you or your client go in and retrieve some items? Yes. The property that they contended was no longer needed for any potential stolen property charges was returned. What we have outstanding is the property identified by the 28 people that were at the open house claiming the property. So you agree with her. I guess it's your estimate that something like 75 or 80 percent of the items that have been returned? Yes. And this was a considerable amount of items. So when we say it's about 75 to 80 percent, we're talking about over 500 items that were divided in lots. There was just too many items to individually name that were seized because Okay. Now, my last question is, she also referred to some order or some stipulation that you entered into that the county could continue to hold the property after the statute of limitations passed or something like that? Well, there was an agreement in the criminal case regarding the dropping of the charges related to the marijuana issue. I don't know the full details of the rest of the order the appellants have and a different attorney addressing that issue, and that's something that Because you're not the lawyer in that case. That is correct. And it was an issue that I think was resolved earlier this year, if I'm correct. But it almost sounds like there's a waiver of the statute of limitations in there or something like that. You know, I couldn't comment on that because I don't have the full knowledge of the details on that deal that was made as far as the criminal case is concerned. Well, in other words, I'm not saying it's true, but let's assume the rule is that, well, the prosecutor can keep any items needed as evidence until the statute of limitations to bring in a case expires. All right? Now, just a minute. Just make that assumption. But in this case, I didn't realize that. I thought it hadn't run, but Ms. Rutterman said the statute of limitations ran about a month ago. So it seems like, you know, the prosecutor couldn't say, well, I need it for evidence because the statute has passed. But it seems like there might have been a waiver of the statute of limitations. That might be important to the decision of this case. Might it not? Well, to my knowledge, there has not been a waiver of the statute of limitations. I do not know that for sure. But you do bring up a good point regarding, well, the claim by Thurston County is that you can hold property for the duration of the statute of limitations, but then the question becomes the statute of limitations for what? What are we talking about here? That could be a potentially moving target as far as the potential charge that may be brought against. Well, but she seems to concede. In this case, statute is run. That is correct, Your Honor. So it seems like you would win except maybe for this order or this stipulation in this other case. I would say the statute of limitations on a stolen property charge. And, again, we don't know what other possible charge, potential charge they may try to bring that has a statute of limitations beyond the three years. And that's why it becomes a moving target. Okay. Thank you. Thank you. All right. Thank you very much. The matter of Offutt v. Thurston County is now submitted.
judges: ALARCON, TASHIMA, MURGUIA